UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

- PSO-

-------------------------------

EUGENE WRIGHT, 06-B-0675,

                    Plaintiff,

          -v-                                    10-CV-31S
                                                 **ORDER**
CHERYL-Attica Nurse,

                    Defendant.

-------------------------------

          Upon screening plaintiff's original complaint in this action,

the Court (Hon. David G. Larmier) ordered that plaintiff's motion

to proceed *in forma pauperis* be granted, that the claims against

several of the defendants be dismissed, that plaintiff be directed

to show cause why his claim against the sole remaining defendant,

was not barred by the three-year statute of limitations applicable

to actions brought pursuant to 42 U.S.C. § 1983 and that plaintiff

be given leave to file an amended complaint.  (Docket No. 3 [Order

filed June 7, 2010]).  Two days after the filing of the Order, the

Court received an amended complaint ("first amended complaint")

from plaintiff, signed June 7, 2010, which obviously had been

prepared and mailed to the Court prior to his receipt of the

Order.    (Docket No. 4).  The amended complaint ("first amended

complaint") changed the identity of the defendant nurse, with no

explanation, from "K. Shals, Nurse" to "Cheryl-Attica Nurse."[1]

-------------------------------

[1]It is not possible to ascertain whether plaintiff is referring to the same
nurse in the amended complaint ("Cheryl-Attica Nurse") as in the original
complaint ("K. Shals, Nurse"). They would appear to be different individuals, yet

Thereafter, and in response to the June 7, 2010 Order, plaintiff filed, on July 6, 2010, a second amended complaint (Docket No. 7) and a response (captioned motion "in response to the judge decision and order to statute of limitations") setting forth the reasons why the Court should determine that the statute of limitations was sufficiently tolled by plaintiff's attempt to grieve his complaint against defendant Shals to render timely his action against her in this Court.[2]  (Docket No. 5).

Plaintiff's response states that due to the stroke he allegedly suffered as a result of improper medical treatment he received at the Attica Correctional Facility (which is the basis of this action) in August 2006, he was unable mentally or physically to file a claim until sometime in 2008.  Plaintiff notes, in this regard, something also addressed in his amended complaints: that he attempted to file a grievance against the nurse who allegedly prescribed the wrong medication, but was advised that he could not submit it beyond 45 days of the occurrence of the events giving rise to the grievance.  Plaintiff states that he then wrote to the Attica Superintendent explaining his grievance issue but never received a response, prompting him to then write to the Department of Correctional Services Commissioner.   (Docket No. 5 at 2).

---

plaintiff's allegations against the defendant nurse, with respect to her alleged error in giving him the wrong medication, are identical.

[2]Plaintiff also filed, on July 6, 2010, a superfluous application to determine whether tolling applied to the statute of limitations and for leave to file an amended complaint.  (Docket No. 4).

Copies of plaintiff's grievance, its denial on the ground of timeliness and plaintiff's letters to the Superintendent and Commissioner are attached to the second amended complaint. (Docket No. 7 at 16-18, 21-22).

Plaintiff's response further alleges that he then filed, on February 22, 2008, a motion in the New York State Court of Claims to file a late claim pursuant to N.Y. Court of Claims Act § 10(6), seeking recovery for two incidents of alleged medical malpractice by the nursing staff at Attica (apparently the same incidents which gave rise to the complaint filed in this Court). The Court of Claims granted his motion by Decision and Order filed June 3, 2008, a copy of which is attached to plaintiff's *first* amended complaint. (Docket No. 6 at 4-7). The Court of Claims Order based its granting of plaintiff's motion upon his allegations of impairment of his ability to timely act due to the disabling effects of his stroke, and his resulting hospitalization and period of recuperation. *Id.* Plaintiff's response concludes with the following statement, which the Court construes as summarizing his bases for arguing that the statute of limitations on his action in this court should be tolled:

> However, it is true, I could have filed my Cicil [sic] Right Act 1983 application in 2008, But I did not received [sic] the Court of Claim decision until June 3, 2008.
>
> Therefore . . . my time should be toll [sic] from June 3, 2008...and not August 12, 2006. Especially, under my physically [sic] condition, and the time

> I spent on giving grievance the opportunity to
> corret [sic] their mistake.

(Docket No. 5 at 2).

Plaintiff has complied with the directive set forth in the June 7, 2010 Order that he provide information relevant to the statute of limitations issue and has explained why, in his view, the limitations period should be tolled as a result of his physical condition and his attempt to exhaust the grievance process. Documentation supporting his response is attached to his sec ond amended complaint, filed simultaneously with his response.

In Gonzalez v. Hasty, 651 F.3d 318 (2d Cir. 2011), the Second Circuit Court of Appeals held "that the applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process." 651 F.3d at 323-324 (quoting Brown v. Valoff, 422 F.3d 926, 943 (9th Cir. 2005)). However, in the case at bar, the information and allegations set forth in plaintiff's response and in his second amended complaint with respect to his efforts to grieve his complaint, are not sufficient to allow the Court to determine, at this juncture, whether the statute of limitations on his § 1983 action was tolled by his efforts to exhaust his administrative remedies, or whether his action is time-barred. The Court therefore determines that his claim may proceed with service

of the second amended complaint upon the sole defendant, Cheryl-Attica Nurse.[3]

## ORDER

IT HEREBY IS ORDERED, that the Clerk of the Court is directed to file plaintiff's papers, and to cause the United States Marshal to serve copies of the Summons, Second Amended Complaint (Docket No. 7), the New York Court of Claims Decision and Order attached to the First Amended Complaint (Docket No. 6, pages 4-7) and this Order upon the named defendant (Cheryl-Attica Nurse), without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor.

The Clerk of the Court is also directed to forward a copy of this Order by email to Michael Russo, Assistant Attorney General in Charge, Buffalo Regional Office <Michael.Russo@ag.ny.gov>.

Pursuant to 42 U.S.C. § 1997e(g)(2), the defendant is directed to answer the complaint.

**SO ORDERED.**

S/ Michael A.  Telesca

_____

MICHAEL A. TELESCA
United States District Judge

Dated:     March 27, 2013
           Rochester, New York

_____

[3]Inasmuch as the Decision and Order of the New York Court of Claims attached to plaintiff's first amended complaint (Docket No. 6 at 4-7), discussed *supra*, is relevant to plaintiff's claim, the Court will direct that it be served on the defendant along with the second amended complaint (Docket No. 7).